UNION CARBIDE and CARBON COR-
PORATION, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 12418.

United States Court of Appeals
Sixth Circuit.

May 14, 1957.

William C. Treanor and Henry Clifton, Jr., New York City, Walter Gordon Merritt, New York City, on brief for petitioner.

Norton J. Come, Washington, D. C., Jerome D. Fenton, Stephen Leonard, Marcel Mallet-Prevost and Myron S. Waks, Washington, D. C., on brief for respondent.

Before SIMONS, Chief Judge, and MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

The respondent, by Supplemental Decision and Order dated August 8, 1956, as modified by an Order making technical corrections, dated November 2, 1956, directed the National Carbon Company (a division of the petitioner) to cease and desist from refusing to bargain collectively with Oil, Chemical and Atomic Workers International Union, AFL-CIO, as the exclusive representative of all its maintenance employees. This petition to review and set aside the order of the National Labor Relations Board challenges the aforesaid orders on the ground that the bargaining unit was improperly certified. In its answer, the Board prays enforcement of its order.

Petitioner insists that the Board erroneously established a collective bargaining unit determined by the extent to which the employees had organized, a practice proscribed by section 9(c)(5) of the National Labor Relations Act. 61 Stat. 136, 29 U.S.C.A. § 151 et seq. Petitioner urges further that the established bargaining unit is heterogeneous in nature and not consistent with plant operational realities, and that it is therefore inappropriate for purposes of collective bargaining. It is contended that the past bargaining history of the company and the integration of its operations made a plant-wide unit the only appropriate unit.

On March 4, 1954, the Board issued a Decision and Direction of Election, in which it found a single unit of all the employees in the four skilled-trades departments to be appropriate for purposes of collective bargaining. Thus, the Board specifically rejected the contention that this unit was based upon the extent of union organization of the plant. Other factors, wholly unrelated to the extent of organization, were said to support the finding that the maintenance unit's certification was appropriate and proper.

After consideration of the entire record and of the briefs and oral arguments of the contending attorneys, we think the findings of the Board are not clearly erroneous and that they are supported by substantial evidence.

Pursuant to the aforementioned Decision and Direction of Election, dated March 4, 1954, a representation election was held and a majority of the "maintenance employees" voting therein cast their ballots in favor of the United Gas, Coke and Chemical Workers of America, CIO, (hereinafter called "Gas Workers") as bargaining agent. On April 6, 1954, the victorious union was certified by the Board as the exclusive bargaining representative of the designated employees.

Approximately one month after certification of the union, the company refused to bargain as requested by the union, defending on the sole ground that the Board's determination of the bargaining unit was erroneous. The Board affirmed the Trial Examiner's findings pertinent to this issue and concluded that the company had violated section 8(a) of the National Labor Relations Act.

These proceedings resulted in the issuance of an unfair labor practice decision, following which the Board was advised that the Gas Workers had merged with the Oil Workers International Union, CIO, to form the Oil, Chemical and Atomic Workers International Union, AFL-CIO (hereinafter called OCAW). Upon receipt of this information, the Board reopened the record and provided for a further hearing respecting the nature of the resultant union. On the basis of this hearing, the Board concluded that the "OCAW, as the consolidated organization and a continuance of the Gas Workers, has succeeded to the status of that organization as the duly designated bargaining representative of the Respondent's employees; * * * and that the same duty devolves upon the Respondent to bargain collectively with OCAW * * *."

We cannot agree with petitioner's contention that the Board acted arbitrarily and capriciously in substituting the OCAW for the Gas Workers. The findings of the Board are amply supported by the evidence. Nor do we consider that Dickey v. N. L. R. B., 6 Cir., 1954, 217 F.2d 652 compels a different conclusion. Our holding there is distinguishable on several grounds. In the Dickey case, the court found that the merger resulted in a different organization from that originally certified. There, the members of the certified unit constituted only a fraction of the merged group and had no control over it.

In the instant case, there were no changes in the membership or officers of the local, or in its day-to-day relationships with the company. The Gas Workers were of comparable size with the Oil Workers and had an equal voice in deliberations and in the division of officers. In short, the consolidated group was intended to function as a continuation of its two constituent unions, so that the consolidation would not impair any of their certifications. For these reasons, our decision in the Dickey case is not controlling here.

The petition to set aside the order of the Board accordingly is dismissed and petitioner is directed to comply with the order of the Board.