**PEPPER & TANNER, INC.,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 72–1591.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 1, 1973.

Decided March 1, 1973.

James E. Irwin, Memphis, Tenn., for petitioner.

Michael F. Messite, N. L. R. B., for respondent; Peter G. Nash, Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Robert A. Giannasi, Daniel M. Katz, Attys., N. L. R. B., Washington, D. C., John J. A. Reynolds, Jr., Director Region 26, N. L. R. B., Memphis, Tenn., on brief.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PER CURIAM.

This case is before the Court on the petition of Pepper & Tanner, Inc. (the Company) to review an order of the Na-

tional Labor Relations Board and the cross-application of the Board for enforcement of its order. The decision and order of the Board are reported at 197 N. L. R. B. No. 23, to which reference is made for a recitation of pertinent facts.

This court holds that substantial evidence on the record as a whole supports the findings of the Board that the Company violated §§ 8(a)(1), 8(a)(3) and 8(a)(5) of the Act in the particulars set forth in the decision of the Board. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

The Board ordered that the Company upon request bargain collectively with Radio and Television Engineers, Local Union 1275, International Brotherhood of Electrical Workers, AFL–CIO. The Company asserts that Local Union 1275 is no longer in existence, but has merged with another local union which does not represent the majority of the employees in the appropriate bargaining unit and has never been certified by the Board as bargaining representative. The answer of the Company to the Board's cross-application for enforcement asserts that, without the knowledge of the Company, Local 1275 had been merged into a "purely electricians" Local 474 prior to the hearing on the unfair labor practice charges and that the General Counsel failed to disclose this merger to the Trial Examiner.

■ This court is unwilling to enforce a bargaining order requiring the Company to bargain with a union which the record indicates is no longer in existence. Neither are we willing to require the Company to bargain with a successor or merged Union when there has been no adjudication by the Board, supported by substantial evidence, that the successor or merged union is the authorized bargaining representative of the employees in the appropriate unit. *See* Union Carbide & Carbon Corp. v. N. L. R. B., 244 F.2d 672 (6th Cir. 1957);

Dickey v. N. L. R. B., 217 F.2d 652 (6th Cir. 1954).

■ The Company has filed a timely motion for leave to adduce additional evidence before the Board pursuant to § 10(c) of the Act. Attached to the motion is a copy of a petition filed October 12, 1971, on behalf of Local 474 for an AC amendment of the certification previously issued with respect to Local 1275. This later proceeding was designated as Case No. 26–AC–21. Another exhibit to the motion of the Company is a copy of the order of the Regional Director, dated November 9, 1971, withdrawing the notice of hearing and closing case No. 26–AC–21. Another exhibit is a copy of the following letter, purported to have been signed by five employees:[1]

January 28, 1972

Mr. Albert T. Byars, Senior
Business Manager

Electrical Workers Union, Local #474
Dear Mr. Byars:

On January 25, 1972, we received notice to vote on a merger on Local 1275 into Local 474.

This is to notify you in writing that the undersigned are opposed to such a merger. We want this letter to be filed in the minutes, since we do not believe that members of local 474 should be allowed to vote on this particular matter that only effects Pepper & Tanner employees.

This involves our job conditions and only people at Pepper & Tanner, Inc., should vote.

Sincerely,

/s/ KING BRUMLEY, JR.
/s/ WILLIE LEWIS MOORE
/s/ MARK A. GOODMAN
/s/ JOSEPH B. DIXON
/s/ BILLY L. TANNER

Enforcement of the bargaining order of the Board is denied. Enforcement is granted as to all parts of the Board's order except those parts requiring the Company to bargain with Local 1275.

---

1. The decision of the Trial Examiner states that there were six employees in the unit.

We deny enforcement of subparagraphs (f) and (g) of paragraph 1 and subparagraphs (a) and (b) of paragraph 2.

The motion of the Company for leave to adduce additional evidence is granted to the extent set forth below. The case is remanded to the Board with directions that evidence be heard and a determination made on the following questions:

(1) Is Radio and Television Engineers, Local Union 1275, International Brotherhood of Electrical Workers, AFL–CIO still.in existence?

(2) If not, is there a successor or merged Union which is the duly certified and authorized collective bargaining representative of the majority of the employees of the appropriate unit? If necessary, the Board is directed to conduct a Board-supervised election to determine this issue.

No costs are taxed. Each party will bear its own costs.