517 F.2d 982
 89 L.R.R.M. (BNA) 2579, 77 Lab.Cas. P 10,918
 WILLIAM B. TANNER COMPANY (formerly Pepper & Tanner, Inc.), Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
Local Union No. 474, International Brotherhood of Electrical
Workers (AFL-CIO), Intervenor.
 No. 74-2023.
 United States Court of Appeals,
Sixth Circuit.
 June 12, 1975.
 
 James E. Irwin, Irwin & Owens, Louis R. Lucas, Ratner, Sugarmon, Lucas & Salky, Memphis, Tenn., for petitioner.
 Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Robert A. Giannasi, Madge F. Jefferson, Washington, D. C., for respondent.
 Laurence J. Cohen, Sherman, Dunn, Cohen & Leifer, Washington, D. C., for intervenor.
 Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.
 PER CURIAM.
 
 
 1
 In an earlier decision in this proceeding, this court denied enforcement of the bargaining order of the Board. Pepper & Tanner, Inc. v. N. L. R. B., 474 F.2d 1256 (6th Cir. 1973). In that case, the Board had ordered the company to bargain collectively with Local Union 1275, International Brotherhood of Electrical Workers, AFL-CIO. It appeared that Local Union 1275 was no longer in existence, having merged into Local 474.
 
 We said:
 
 2
 This court is unwilling to enforce a bargaining order requiring the Company to bargain with a union which the record indicates is no longer in existence. Neither are we willing to require the Company to bargain with a successor or merged Union when there has been no adjudication by the Board, supported by substantial evidence, that the successor or merged union is the authorized bargaining representative of the employees in the appropriate unit. 474 F.2d at 1257.
 
 
 3
 The case was remanded to the Board with directions to hear evidence and make a determination as to whether Local 1275 is still in existence and, if not, whether there is a successor or merged Union which is the duly certified and authorized collective bargaining representative of the employees in the appropriate unit. If necessary, the Board was directed to conduct a Board-supervised election to determine the latter issue.
 
 
 4
 In a supplemental decision and order, reported at 212 N.L.R.B. No. 72, the Board concluded that Local 474 is the legal successor to Local 1275 and, as such, is the authorized bargaining representative of the company's employees.
 
 
 5
 Member Kennedy strongly dissented, asserting that the decision of the majority "violates the most elementary principle that the purpose of the Act is the protection of the rights of employees to organize and select their own bargaining representatives."
 
 
 6
 We conclude that substantial evidence on the record considered as a whole does not support the finding that the successor or merged union is the authorized representative of the employees in the appropriate unit.
 
 
 7
 Enforcement of the order of the Board is denied. The costs of this review are taxed against the National Labor Relations Board.